# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Zuhair Al-Sharari, et al.,                                    Case No. 3:18CV1472

      Plaintiffs

      v.                                                     **ORDER**

United States of America,

      Defendant.


This is an appeal from an administrative decision by the Food and Nutrition Services (FNS) of the United States Department of Agriculture (USDA) arising under The Food Stamp Act (The Act), 7 U.S.C. § 2011 et seq.

The plaintiff, Zuhair Al-Sharari, owns a corporation, Zuhair of Toledo, Inc. (d/b/a Beer Dock), which sells beer, wine, and other items in Toledo, Ohio. On May 29, 2018, FNS disqualified Al-Sharari and his businesses from participation in the Supplemental Nutrition Assistance Program (SNAP) for three years. That disqualification resulted from a 2017 decision by the Ohio Department of Health (ODH) disqualifying the Beer Dock from participating in the state equivalent of SNAP, known as Special Supplemental Nutrition Program for Women, Infants, and Children, commonly known as WIC.

Al-Sharari contends that FNS should have allowed him to pay a civil monetary penalty (CMP) in lieu of the three-year disqualification. He further argues that the disqualification violated his Fifth Amendment due process rights by, *inter alia*, denying access to the evidence against him; using "inaccurate and unsworn" evidence; not holding a hearing; and denying a "meaningful adjudicative process." (Doc. 1 at 4, ¶15.)

Jurisdiction is proper under 28 U.S.C. § 1331.

Pending is the defendants' Fed. R. Civ. P. 12(b)(1) and (6) motion to dismiss. (Doc. 6). For the following reasons, I grant the motion under Rule 12(b)(6).

**Background**

Through FNS, the USDA administers a program of aiding low-income and other vulnerable persons through an allotment of funds, previously known as food stamps, to increase their access to a more nutritious and, thus, healthy diet. *See* 7 U.S.C. § 2013; 7 C.F.R. §§ 246 & 271. Retailers can fill out an application to accept SNAP food stamps in their stores.[1] Approved retailers must then follow both statute and FNS regulations to remain authorized to accept SNAP food stamps.

If retailers violate either statute or regulation FNS may, after an investigation, directly disqualify them. 7 U.S.C. § 2021; 7 C.F.R. § 278.6. FNS can also impose "reciprocal disqualification" on a retailer where a state agency, such as ODH, has disqualified the retailer from participating in the WIC program. 7 U.S.C. § 2021(g)(1). Reciprocal disqualification automatically follows, as a matter of law, the initial WIC disqualification. (Doc. 6 at 6). Once the state informs FNS about its disqualification decision, FNS must disqualify the retailer from SNAP for the same amount of time as the state-imposed disqualification. 7 U.S.C. § 2021(g)(2)(A).

But FNS has discretion to impose a civil money penalty (CMP) in lieu of such disqualification. To exercise this option, the agency must find that disqualification would cause "hardship to participating households." 7 C.F.R. § 278.6(a). Under 7 C.F.R. § 278.6(f)(1) FNS uses a two-factor test to determine hardship, and thus eligibility for a CMP: 1) the retailer must

---

[1] https://www.getvms.com/ebtupdate/retailers-guide-to-ebt/

sell "a substantial variety of staple food items"; and 2) disqualification would cause hardship to SNAP households because there is no other authorized retail food store in the area selling at comparable prices as large a variety of staple food items.[2] *Id.*

### A. The Beer Dock and Its Disqualification from WIC and SNAP

The ODH disqualified the Beer Dock from WIC in September 2017.

Following receipt of notice of the disqualification, FNS informed Al-Sharari in October 2017 that, as a result of the ODH decision, a reciprocal disqualification from SNAP (or a CMP) could follow. Al-Sharari replied, via counsel, submitting additional documents for FNS Retailer Operations Division (ROD) to consider before it determined the ultimate sanction it would impose. (Doc. 1 at 9).

In December 2017, FNS notified Al-Sharari that he was not eligible for a hardship-based CMP in lieu of a disqualification, and accordingly the three-year reciprocal disqualification from SNAP would stand. (*Id.*).

Al-Sharari then filed an administrative appeal of ROD's denial of the hardship CMP, requesting that the agency take another look at the decision to deny a CMP. (*Id.*). Al-Sharari provided "Additional Documentation in Support of Request for Administrative Review." (*Id.* at 11). He argued that the agency had: 1) applied the wrong standard of review; and 2) failed to make a required factual finding that nearby SNAP authorized retailers sold "as large a variety" of required food items at comparable prices. In May 2018, FNS upheld the decision to impose reciprocal disqualification rather than a CMP. (*Id.* at 13).

---

[2] A CMP is unavailable for those retailers subject to a permanent disqualification which is not the issue here.

### B. Litigation

In this suit under 7 U.S.C. § 2023 Al-Sharari asserts two claims. First, he claims FNS should have allowed him to pay a CMP in lieu of suspension. Second, he contends the agency violated his procedural-due-process rights by, *inter alia*: 1) not letting him see the evidence against him; 2) relying on inaccurate, unsworn factual allegations; and 3) not holding a hearing. (Doc. 1 at ¶¶12, 15). The government seeks dismissal for want of jurisdiction and failure to state a claim.

### Standard of Review

A jurisdictional challenge under Fed. R. Civ. P. 12(b)(1) can raise either "a facial attack or a factual attack." *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 817 (6th Cir. 2017).

A facial attack questions "the sufficiency of the pleading," while "a factual attack ... raises a factual controversy requiring the district court to weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Id*.

Here the government asserts a facial challenge: namely, 7 U.S.C. § 2021(g)(2)(C) precludes judicial review. (Doc. 6 at 6). Accordingly, just as I do with Rule 12(b)(6) motions, in considering the government's jurisdictional arguments here I "take[ ] the allegations in the complaint as true[.]" *Wayside Church*, *supra*, 847 F.3d at 817 (internal quotation marks omitted).

The government alternatively argues under Rule 12(b)(6) that Al-Sharari has failed to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To be "plausible on its face," a claim must include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

I may consider "the complaint and any exhibits attached thereto, public records, items appearing in the record and exhibits attached to defendant's dismissal motion, so long as the complaint refers to them and they are central to the plaintiff's claims." *E.g.*, *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## Discussion

Al-Sharari's claims rest upon 7 U.S.C. § 2023(13), which grants a retailer "aggrieved" by an agency's final determination the right to judicial review. (Doc. 1 at ¶¶ 5, 12). Al-Sharari also cites 7 U.S.C. § 2023(15) to argue that I should review his due process claim *de novo*.

The government argues that I lack subject matter jurisdiction to review a reciprocal disqualification. (Doc. 6 at 6). It relies on 7 U.S.C. § 2021(g)(2)(C), which provides that "[a] [reciprocal] disqualification […] notwithstanding section 2023 of this title, shall not be subject to judicial or administrative review."

Given this language, I agree with the government that I lack subject-matter jurisdiction to review plaintiff's disqualification. By its own terms, § 2021(g)(2)(C) precludes judicial review of a reciprocal disqualification. *Dashmeh Enter., Inc. v. U.S.*, 501 F. Supp. 2d 10033, 1037-39 (W.D. Mich. 2007); *Guzman v. U.S. Dep't of Agric. Food and Nutrition Serv.*, 931 F. Supp. 2d 488, 495 (S.D.N.Y. 2013); *Islam Corp v. Johanns*, 2007 WL 1520930, *6-7 (W.D. Ky. 2007).

In light of these authorities, Al-Sharari does not dispute that the law bars judicial review of his disqualification. Instead, he argues that I may review *de novo* whether the agency should have granted him a CMP in lieu of a disqualification.

## A. Review of Penalty Chosen

The government would have me extend the prohibition on judicial review found in § 2021(g)(2)(C) to encompass Al-Sharari's first claim: whether FNS should have allowed a CMP in lieu of a disqualification. (Doc. 6 at 6).

I cannot do so unless I disregard binding Sixth Circuit precedent. *See*, *e.g.*, *Goldstein v. U.S.*, 9 F.3d 521, 523 (6th Cir. 1993) (agency determination of a sanction "if within bounds of its lawful authority, is subject to very limited judicial review") (citation and internal quote marks omitted). Such limited review looks only to "the sanction imposed in light of the administrative record" to determine "whether the agency properly applied the regulations, *i.e.*, whether the sanction is 'unwarranted in law' or 'without justification in fact." *Id.* (citation and internal quote marks omitted).

Thus, if I conclude that "the agency properly applied the regulations, then [my] job is done," and I must uphold the sanction. *Id.* Under no circumstances, as *Goldstein* makes clear, may I second guess "the severity of the sanction[.]" *Id*.

Notably, *Goldstein* was a case under the statute in which the Sixth Circuit considered the same issue that this case presents: namely, whether the agency properly applied its regulations when it decided that Goldstein was not eligible for a CMP in lieu of disqualification. *Id.* at 523–24.

Despite the clarity with which *Goldstein* speaks, the government insists that the case is inapplicable because it did not involve a reciprocal disqualification. Because the FNS initiated the enforcement action that led to Goldstein's disqualification, the government argues, the court in *Goldstein* did not consider whether § 2021(g)(2)(C) affected the court's ability to review whether Goldstein was eligible for a CMP in lieu of a disqualification.

This argument lacks merit.

In foreclosing judicial review, § 2021(g)(2)(C) uses the term "disqualification," not "sanction" or "imposition of sanction." Accordingly, while I have no authority under § 2021(g)(2)(C) to second-guess whether FNS should have disqualified Al-Sharari's store, nothing in the statute forbids me from considering whether the agency's decision was unwarranted in law or without justification in fact.

Furthermore, persuasive decisions from district courts within and outside our Circuit have likewise concluded that § 2021(g)(2)(C) does not foreclose review of the agency's decision not to impose a CMP in lieu of disqualification. *Woodard*, *supra*, 725 F.2d at 1077 (6th Cir. 1984); *see also Alkabsh v. U.S.*, 733 F. Supp. 2d 929 (W.D. Tenn. 2010); *Ryan's Party Store, Inc. v. U.S. Dep't of Agric.*, No. 10-14502, 2011 WL 1812663, at *2 (E.D. Mich. 2011); *Banga v. U.S.*, 2018 WL 2337586, *5 (W.D. Tenn. 2018).[3]

The decision to impose either disqualification or a CMP thus "presents a separate issue" from the determination of the violations which led to the disqualification. *Guzman*, *supra*, 931 F. Supp. 2d at 495.

### 1. Unwarranted in Law

Al-Sharari has not plausibly alleged that the decision to impose disqualification and not a CMP was unwarranted in law. This is so because the decision has support in both the statute and applicable regulations.

First, § 2021(g)(1) and § 2021(g)(2) both recognize that disqualification from SNAP is the default approach for a retailer whom a state has disqualified from WIC.

---

[3] The Sixth Circuit has held that this standard is "identical to the arbitrary and capricious[.]" *Abboud Mkt., Inc. v. Madigan*, 943 F.2d 51 (6th Cir. 1991).

Second, the applicable regulations use permissive and discretionary language on the decision of whether to impose a CMP. 7 C.F.R. § 278.6(a) (providing that FNS "*may*, in lieu of a disqualification, subject a firm to a civil money penalty") (emphasis supplied), § 278.6(f)(1) (setting out the criteria for the FNS to consider re. whether a retail store may seek a CMP in lieu of a disqualification).

Plaintiff argues that "[t]he language of 7 CFR §278.6(f)(1) appears to presume that a merchant who meets the criteria specified in that regulation is entitled to imposition of a CMP in lieu of disqualification." (Doc. 8 at 9). But that argument misses the mark.

First, plaintiff cites no authority to support this rather bald and bold assertion. Second, my review shows no court in the Sixth Circuit or elsewhere that has adopted this proposition that imposition of a CMP is ever mandatory. This is understandable: the regulation, as noted, uses the word "may," not "shall." If the agency intended to create something resembling an entitlement to a CMP, it would have used more restrictive language in crafting the regulation.

For those reasons, I find implausible plaintiff's claim that FNS' refusal to impose a CMP in lieu of disqualification was unwarranted in law. On the contrary, it was fully warranted.

**2. Without Justification in Fact**

In *Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 188 (1973), the Court articulated the standard for finding an administrative act "without justification in fact." That finding, the Court stated, must flow from a review of the record which leads to "a conclusion that the [act] was so 'without justification in fact' as to constitute an abuse of [the Secretary's] discretion." *Id*.

Plaintiff alleges that the agency failed to make required factual findings on the issue of required comparable price data. (Doc. 8 at 8). However, the agency's Final Agency Determination directly refutes this allegation. That decision states that it considered plaintiff's

affidavit while assessing not just nearby competitors but also the ROD's identification of SNAP authorized retailers within a one-mile radius of plaintiff's Beer Dock. (Doc. 1 at 12). "*Most notably* the superstore identified at .73 miles from [plaintiff] was found to have a significantly larger offering of staple foods in all categories compared to Appellant." (*Id.*) (Emphasis supplied). Noteworthy as well is the agency finding that "there are alternative comparable stores in the area selling as large a variety of staple foods at comparable, or lower, prices." (*Id.*)

While I am bound to consider the allegations in the complaint in the most favorable light for the plaintiff, that does not mean that I accept "legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005)). While I must "draw all reasonable inferences in favor of the plaintiff," *id.*, that does not mean I must accept an allegation that a critical exhibit to the complaint – here, the agency's final decision – clearly refutes.[4]

For those reasons, I find that the decision by FNS not to impose a CMP was made with justification in fact.

In any event, such factual arguments ultimately do not help the plaintiff because of the discretionary nature of the decision on whether to impose a CMP in lieu of disqualification. To underscore by repetition: the regulations expressly state that "FNS *may* impose a civil money penalty as a sanction in lieu of disqualification when the firm" meets certain criteria. 7 C.F.R. § 278.6(f)(1).

---

[4] Ordinarily a court only looks to the plaintiff's complaint to see if a plausible complaint has been stated. But it is permissible for me to look outside the complaint to the administrative record because plaintiff's claim depends on that critical exhibit and that administrative record refutes the plaintiff's allegation. *Bassett*, *supra*, 528 F.3d at 430.

Even accepting all plaintiff's factual allegations as true, the "may […] when" construction of the regulation shows that the sole disputed factual criterion only affects his eligibility for a CMP. *See Banga*, *supra*, 2018 WL 2337586 at *9. Mere eligibility does not compel the Secretary to impose a CMP.

For those reasons, I find that plaintiff has failed to state a claim for which relief can be granted on Count One.

### B. Due Process Claim

Plaintiff's procedural due process claim is implausible as well.

The nucleus of Count Two is that plaintiff did not have an adequate opportunity to contest the agency's findings on his eligibility for a CMP. (Doc. 1 at ¶15). But the administrative record again refutes this assertion.

Plaintiff appealed the initial decision from FNS on its "eligibility for a hardship civil money penalty…" (Doc. 1 at 9). In that appeal, plaintiff submitted "Additional Documentation in Support of Request for Administrative Review." (Doc. 1 at 11). The record also shows that plaintiff submitted a sworn affidavit regarding nearby stores which accept SNAP benefits. (*Id*.). The FAD shows that the agency considered that information and plaintiff's challenges. (*Id*.).

Furthermore, plaintiff cites no cases in which a court found a procedural due process violation in these or similar circumstances. This is unsurprising, for the agency action he challenged is discretionary as articulated above. Since plaintiff has no right to receive a CMP even if he was found eligible for one, which he was not, the agency has more latitude in what procedures it uses to evaluate the propriety of allowing a CMP.

For those reasons, I find that plaintiff has failed to state a claim for which relief can be granted on Count Two.

### C. Leave to Amend

Finally, Al-Sharari has made a one-sentence request in his opposition brief for leave to amend the complaint. (Doc. 8 at 11). He has not indicated how he plans to cure the deficiencies in his complaint, nor has he filed a motion for leave to amend and the required proposed amended complaint.

"Although FRCP 15 instructs courts to 'freely give leave' to amend, that liberal policy does not apply to [Al-Sharari's] one-sentence request." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). "A 'request for leave to amend almost as an aside to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.'" *Id.* (quoting *La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010).

"Both because [Al-Sharari] did not present an adequate motion and because [he] did not attach a copy of the[ ] amended complaint," I deny the request for leave to amend. *Kuyat*, *supra*, 747 F.3d at 444.

### Conclusion

It is, therefore, hereby

ORDERED THAT: defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 6) be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge